IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAY N. THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-1232 |
| ) | |
| DARON HALL, et al., ) | Judge Trauger |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Ray N. Thompson, who is presently incarcerated at the Northwest Correctional Complex in Tiptonville, Lake County, Tennessee, has filed a *pro se* "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983" (ECF No. 1) asserting claims based on an assault that occurred when he was a pretrial detainee at the Davidson County Criminal Justice Center, and the medical treatment he received (or did not receive) in the aftermath of that assault.

By separate order, the Court has granted the plaintiff's Application to Proceed *in Forma Pauperis*. Under the Prison Litigation Reform Act ("PLRA"), this Court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it is filed *in forma pauperis* or if it seeks redress from a governmental entity or official. After the initial screening, the Court must, based on the Sixth Circuit's interpretation of the PLRA, dismiss the complaint *sua sponte*, before service on any defendant, if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**I.     ALLEGATIONS IN THE COMPLAINT**

The plaintiff names as defendants Davidson County Sheriff Daron Hall; Correct Care Solutions, the entity contracted to provide medical care for inmates at the Davidson County Criminal Justice Center; and

John Doe Nos. 1, 2, 3 and 4, all in both their individual and official capacity. He alleges that on November 6, 2010, while a pretrial detainee at the Davidson County Criminal Justice Center, he was assaulted by another inmate who knocked out six of the plaintiff's teeth. The plaintiff, holding his teeth in his hand, was then escorted to the infirmary by John Doe Nos. 1, 2, and 3, all officers on duty at the time he was assaulted. At the infirmary, the plaintiff was initially seen by a female nurse, identified in the complaint as John Doe No. 4, who told the plaintiff he could not be treated there. The plaintiff was placed in a holding cell, still bleeding profusely and holding his teeth in his hand, where he waited for three hours before being transported to the Emergency Room at Nashville General Hospital. The physician who treated the plaintiff at the ER told him he could not replace the teeth because of the fact that the medical staff at the Criminal Justice Center had not made any attempt to preserve the calcium in the teeth while the plaintiff was waiting for treatment. The physician then pulled three more teeth because they were extremely loose and there were no other teeth around them to support them.

The plaintiff was discharged with instructions to arrange for a follow-up appointment at Meharry Oral Clinic, which was never arranged.

The plaintiff asserts that aside from the pain and suffering associated with the loss of his teeth, "[t]his traumatic event has changed [his] life significantly." (ECF No. 1, at 9.)

The plaintiff indicates in his complaint that he filed a grievance, which was denied on the basis that according to the Correct Care Solutions dentist, a tooth could be "out up to 24 hours without being in milk and can possibly be replaced." (ECF No. 1, at 9.) The plaintiff appealed the denial of his grievance. The denial was sustained on appeal on the basis that prison and medical officials were not responsible for the loss of the teeth, and that they had "followed appropriate policy and procedure in response to this medical situation." (Id.)

The plaintiff states that he is bringing claims for damages (1) against Sheriff Daron Hall for deliberate indifference to his serious medical needs and failure to protect the plaintiff from the assault; (2) against John Doe Nos. 1, 2 and 3 for failure to protect the plaintiff from the assault;(3) against Correct Care Solutions for deliberate indifference to his serious medical needs resulting from Correct Care's "customs"; and (4) against John Doe No. 4 for deliberate indifference to the plaintiff's serious medical needs.

## II. ANALYSIS AND DISCUSSION

To bring a successful claim under 42 U.S.C. § 1983, a plaintiff must establish "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). Thus, with respect to the plaintiff's claims, the court must determine whether the plaintiff has stated a violation of a specific constitutional right and has named as defendants "persons" who may be legally liable for the alleged violations.

### A. The Plaintiff Fails to State a Claim for "Failure to Protect."

In the present case, the plaintiff asserts that Sheriff Hall and John Doe Nos. 1, 2, and 3 acted with deliberate indifference to his safety in violation of his constitutional rights by failing to protect him from assault by other inmates. The plaintiff does not identify which of his constitutional rights were violated, but the court will presume for purposes of this initial screening, that he intended to assert claims based on violation of his rights, as a pretrial detainee, under the Fourteenth Amendment. Most "failure to protect" claims discussed in the case law arise under the Eighth Amendment rather than the Fourteenth. Although the plaintiff, as a pretrial detainee, was not protected by the Eighth Amendment, "the Eighth Amendment rights of prisoners are analogized to those of detainees under the Fourteenth Amendment to avoid the anomaly of extending greater constitutional protection to a [convicted prisoner] than to one awaiting trial." *Webb v. Bunch*, 16 F.3d 1223 (Table), 1994 WL 36854, at *4 (6th Cir. Feb. 8, 1994) (citing *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)).

It is well established that prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 411, U.S. 825, 832, 833 (1994). Notwithstanding, "[a] prison official's duty . . . is to ensure 'reasonable safety,'" not absolute safety. *Id.* at 844 (citing *Helling v. McKinnery*, 509 U.S. 25, 33 (1993)). A prison official may therefore be held liable only for acting with "deliberate indifference" to inmate health or safety; a showing of deliberate indifference requires proof that the official knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 834.

Thus, in order to make out a "failure to protect" claim at the pleading stage, a prisoner plaintiff must allege facts suggesting prison officials were deliberately indifferent to his health or safety. *Farmer*, 411, U.S.

at 832, 834. "Deliberate indifference" is a higher standard than negligence and requires that the official know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Id.* at 837.

In the present case, the plaintiff alleges no facts whatsoever in support of his failure-to-protect claim. He states only that he was assaulted by another inmate and that the three John Doe officer defendants thereafter transported him to the infirmary. The plaintiff then asserts, in wholly conclusory fashion, that these defendants failed to protect him from the assault. (ECF No. 1, at 8–9.) He has not alleged any facts from which the Court could reasonably infer that the defendants were aware before the assault occurred that the plaintiff faced a substantial risk of serious harm or that they failed to take action to prevent it. There is no indication that the defendants were nearby or witnessed the assault, or could have stopped it. Likewise with respect to Sheriff Hall, the plaintiff has not stated any facts that would support the plaintiff's conclusory legal assertion that the sheriff is liable to him for failing to protect him from the assault, either individually or in his role as supervisor of the deputy defendants. The Court therefore finds, for purposes of the initial screening required by 28 U.S.C. § 1915, that the plaintiff has failed to state a claim against any of the defendants for failure to protect him from the assault.

> **B.   The Plaintiff's Claims against Correct Care Solutions and John Doe No. 4 for Deliberate Indifference to his Serious Medical Needs Are Not Facially Frivolous.**

The plaintiff also asserts that Correct Care Solutions and Nurse "John Doe No. 4" are liable to him for deliberate indifference to his serious medical needs.[1] The facts he states in support of that claim are that he was examined immediately upon his arrival at the infirmary, was told (later) that his medical needs were not serious enough to justify immediate transport to the Emergency Room, and instead waited for three hours before being transported to the ER. At the ER, he was told that his teeth could not be reset because they had been out of his mouth and unprotected for too long by the time he was seen by the ER physician. The plaintiff also asserts that his injuries resulted from Correct Care Solutions' "customs and deliberate

---

[1] To the extent the plaintiff intends to state a claim of deliberate indifference to his serious medical needs against Sheriff Daron Hall, that claim fails. The plaintiff has not alleged that Sheriff Hall was individually involved in any of the decisions regarding his treatment or lack thereof, nor has he alleged the existence of a Davidson County Sheriff's Office custom or policy to which his injury could be attributed.

indifference." (ECF No. 1, at 10.)

As discussed above, prison officials have a duty to "provide humane conditions of confinement," and among the obligations attendant to the discharge of that duty is that of ensuring that inmates receive adequate medical care. *Farmer*, 511 U.S. at 832. This obligation, however, is not unqualified. Rather, the right to adequate medical care is violated only when corrections officials are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A prisoner's claim that his right to adequate medical care has been violated has both an objective and a subjective component. To satisfy the objective component, the plaintiff must allege that the medical need asserted is "sufficiently serious." *Farmer*, 511 U.S. at 834. "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837).

The Sixth Circuit has recognized that "a prisoner states a proper cause of action when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). The court makes a distinction "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Id.* at 860 n.5, *quoted in Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Westlake*, 537 F.2d at 860 n.5 However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

The Court finds under these principles that the plaintiff has adequately alleged the existence of a sufficiently serious medical need: He had lost six teeth and was in significant pain and bleeding profusely. Instead of immediately being transported to the Emergency Room, however, he was required to wait, for no apparent reason and without treatment of any kind, for three hours, before being taken to the ER. *Cf. Smith*

-5-

*v. Franklin Cnty.*, 227 F. Supp. 2d 667, 677 n.10 (E.D. Ky. 2002) (holding that a prisoner has "serious medical needs" if his needs are so obvious that even a lay person would easily recognize the necessity for a doctor's treatment and that those needs require immediate attention).  The court also finds that the plaintiff has alleged facts from which it might reasonably be inferred that Correct Care medical practitioners (*i.e.*, John Doe No. 4) knew that the failure to take immediate action put the plaintiff at a risk of exacerbation of his injuries and deliberately disregarded that risk.  *Comstock*, 273 F.3d at 703.

With respect to the claim against Correct Care Solutions, the court notes that a § 1983 claim generally will not lie against a non-governmental actor.  However, "[c]ontracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights."  *West v. Atkins*, 487 U.S. 42, 56 (1988).  In *West*, the Court concluded that a physician to whom the State had contractually delegated its affirmative obligation to provide adequate medical care to prisoners was a state actor who could be held liable under § 1983.  *Id.*  Similarly, in the present case, the clinic to which the obligation to provide medical care to individuals in state custody has been contractually delegated may be held liable under § 1983.

However, Correct Care's liability cannot be premised solely upon the fact that Correct Care employed John Doe No. 4, who is alleged to have violated the plaintiff's rights.  *See McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006) ("*Respondeat superior* is not a proper basis for liability under § 1983.").  In other words, "liability under § 1983 must be based on active unconstitutional behavior."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Instead, the plaintiff must show that his injury is the result of a policy or custom implemented by the employer.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005).

As stated above, *pro se* complaints are to be construed liberally.  *Boag v. McDougall*, 454 U.S. 364, 365 (1982).  The present complaint, construed liberally, may at this stage be read to allege the existence of a policy or custom adopted by Correct Care Solutions, and that John Doe No. 4 was complying with such policy when she placed the plaintiff in a holding cell to wait instead of providing immediate treatment that would have ameliorated his condition.

Although it is unclear at this juncture whether the plaintiff will ultimately prevail on his claims, the Court concludes that, for purposes of the initial screening required by the PLRA, the complaint states claims against Correct Care Solutions and John Doe No. 4 that are not facially invalid or frivolous.

### III. CONCLUSION

Because the allegations in the plaintiff's complaint are insufficient to state a claim against Daron Hall or John Doe Nos. 1, 2, and 3 based on failure to protect the plaintiff from assault, those claims will be dismissed without prejudice.

Because the plaintiff's claims against Correct Care Solutions and John Doe No. 4 are not facially invalid or frivolous, those claims may proceed.

An appropriate order will enter.

Aleta A. Trauger
United States District Judge