UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RAY N. THOMPSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 3:11-1232 |
| | ) | Judge Trauger/Brown |
| DARON HALL, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**TO: THE HONORABLE ALETA A. TRAUGER**

## REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that Correct Care Solutions' (CCS) motion to dismiss (Docket Entry 12) be GRANTED and all claims against Correct Care Solutions and John Doe 4 be dismissed.

## BACKGROUND

The Plaintiff's complaint (Docket Entry 1) alleges in Section 4 that on November 6, 2010, he was a pretrial detainee at the Davidson County Sheriff's Office Criminal Justice Center when he was assaulted by another inmate, knocking six teeth out of his mouth. He states that he was taken the infirmary holding his teeth in his hand and that when he arrived at the infirmary he was seen by a nurse who told him he could not be treated there. He was placed in a holding cell while bleeding excessively from his gums without being treated at all. He states that it was approximately three hours before he was transported to the emergency room at General Hospital. He states that he was told by a doctor there

that they could not replace his teeth due to the fact that the medical staff in the Sheriff's Office did absolutely nothing to preserve the calcium in his teeth, and that due to the delay in transporting him for treatment his teeth had been out of his mouth for too long. He states that he lost three more teeth because they were loose and because they could not replace the other six teeth there was nothing to support them. He states He states that he received stitches in his gums, lip, and chin. He was released with discharge instructions to arrange for a follow-up appointment, which was never arranged. He states that when he returned to jail he was told by an unknown individual that it was not their job to preserve his teeth and that his injuries were not serious enough to be transported immediately. He states that he grieved the incident and was advised that according to a dentist for CCS a tooth can be out for up to 24 hours without being in milk and can possibly be replaced, and therefore the grievance was not sustained. Despite his appeal the grievance remained unsustained.

Plaintiff signed his complaint under the penalty of perjury on December 19, 2011. The complaint was docketed by the Clerk's office on December 27, 2011.

## LEGAL DISCUSSION

The District Court has already dismissed the claims against Daron Hall and John Does 1, 2 and 3 (Docket Entry 5). The complaint against John Doe 4 was not dismissed by the order and the

2

Plaintiff was allowed up to 120 days after filing the complaint in which to identify and attempt service on John Doe 4, or to request additional time.

There is no indication at this point in the file that the Plaintiff has made any effort to identify John Doe 4, or has attempted any service of process, or has requested any extension of time.

The present motion to dismiss by CCS does not include John Doe 4. However, it is clear from the complaint that John Doe 4 would be an employee of CCS and the Magistrate Judge believes that this Report and Recommendation should also include John Doe 4.

The motion is extremely straightforward. CCS argues that the statute of limitations has run on this complaint. In their memorandum in support of the motion they point the allegations against CCS stem from inadequate dental care by its employees following a fight on November 6, 2010.[1] They correctly point out that the Courts use the Tennessee one-year Statute of Limitations since Section 1983 and does not contain a separate statute of limitations. *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).

Even giving the Plaintiff the benefit of the doubt that he attempted to file his complaint on December 19, 2011, and that

---

[1] The complaint clearly alleges that John Doe 4 would be involved in this claim of failure to treat as an employee of CCS.

under an extremely generous use of the Lockbox Rule, his filing date is nevertheless outside the statute of limitations, which began when he was advised by the physician at General Hospital that his teeth could not be replaced because the staff at the jail did not properly preserve his teeth.

It is clear from the Plaintiff's pleading that his case was filed more than one year after November 6, 2011, and is, therefore, time barred.

The Magistrate Judge would also note that the Plaintiff has failed to respond to this motion even though he was given additional time and a specific date by which to respond (Docket Entry 15). There is nothing in the record to suggest any grounds that would toll the one-year statute of limitations.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the case against CCS and John Doe 4 be dismissed with prejudice inasmuch as the claims against these Defendants were filed outside the Tennessee one-year statute of limitations.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.

4

Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

It is so **ORDERED**.

/s/   Joe B. Brown<br>
JOE B. BROWN<br>
United States Magistrate Judge