IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAY N. THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:11-cv-1232 ) |
| DARON HALL, et al., | ) Judge Trauger ) Magistrate Judge |
| Defendants. | ) |

### MEMORANDUM OPINION

Before the court is defendant Correct Care Solutions' motion to dismiss. Magistrate Judge Brown, to whom the matter was referred for all pretrial proceedings, has issued a Report and Recommendation recommending that the motion be granted and this matter dismissed on the basis that the plaintiff's claims are barred by the applicable statute of limitations. Plaintiff Ray N. Thompson has filed a written objection to the Report and Recommendation, asserting that his claims are not time-barred because the statute of limitations was tolled while he pursued administrative remedies.

For the reasons set forth herein, the court finds that the defendant has not carried its burden of establishing that the complaint is time-barred. The court will therefore reject the Magistrate Judge's recommendation, deny the motion to dismiss, and refer the matter back to the Magistrate Judge for further proceedings.

**I.     PROCEDURAL BACKGROUND**

The plaintiff, a state inmate presently confined at the Northwest Correctional Complex ("NWCX") in Tiptonville, Lake County, Tennessee, filed a *pro se* complaint asserting claims under 42 U.S.C. § 1983 based on events that occurred when he was a pretrial detainee held at the Davidson County Criminal Justice Center (ECF No. 1). The court granted the plaintiff's application to proceed *in forma pauperis* and conducted the initial screening of the plaintiff's complaint as required by 28 U.S.C. §§ 1915(e) and 1915A(a). The court concluded that the complaint failed to state a claim against some of the named defendants, but allowed the claims against two defendants to proceed. The remaining defendants are Correct Care Solutions ("CCS") and an employee of CCS identified in the complaint as John Doe No. 4. The court directed the Clerk to file

the complaint and referred the matter to the Magistrate Judge to manage the case, decide all pre-trial, non-dispositive motions, issue a Report and Recommendation on all dispositive motions, and conduct further proceedings, if necessary, pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pursuant to that directive, Magistrate Judge Joe Brown filed a Report & Recommendation ("R&R") on May 24, 2012 (ECF No. 17), recommending that CCS's motion to dismiss be granted and that the complaint in this action be dismissed on the basis that the plaintiff's claims are barred by the one-year statute of limitations that applies to § 1983 actions under Tennessee law. Specifically, Judge Brown concluded that the plaintiff's claims accrued on November 6, 2010, the date of the incident that is the subject of the plaintiff's complaint. The plaintiff signed his complaint under penalty of perjury on December 19, 2011, and the complaint was docketed by the Clerk's office on December 27, 2011. The Magistrate Judge concluded that "[e]ven giving the Plaintiff the benefit of the doubt that he attempted to file his complaint on December 19, 2011 . . . under an extremely generous use of the Lockbox Rule, his filing date is nevertheless outside the statute of limitations, which began [on November 6, 2010] when he was advised by the physician at General Hospital that his teeth could not be replaced because the staff at the jail did not properly perserve his teeth." (ECF No. 17, at 3–4.) Judge Brown also noted that the plaintiff had failed to respond to CCS's motion despite being given additional time and a specific date by which to respond, and that there was nothing in the record to suggest any grounds for tolling the statute of limitations.[1] (*Id.* at 4.) Magistrate Judge Brown therefore recommends that CCS's motion to dismiss be granted and that this action be dismissed in its entirety.[2]

Now before the court is the plaintiff's written objection to the R&R. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(3) of the Federal Rules of Civil Procedure, this court must consider *de novo* that part of Judge Brown's R&R to which the plaintiff has objected.

---

[1] The plaintiff's complaint was submitted on a preprinted § 1983 complaint form, but he left completely blank the spaces for responding to questions regarding exhaustion of administrative remedies. (*See* Complaint at 4.)

[2] Judge Brown noted that John Doe No. 4 has not yet been served and there is no evidence in the record that the plaintiff has made any attempt to identify or serve John Doe No. 4. Accordingly, John Doe No. 4 did not join in CCS's motion. However, Judge Brown also recommended that the dismissal cover the claims against John Doe No. 4 as well, as these claims would also be subject to the same statute of limitations.

-2-

## II. DISCUSSION

### A. The Parties' Positions

In his objection, the plaintiff asserts that it is his understanding that, pursuant to the Prison Litigation Reform Act, the statute of limitations for his claims under § 1983 did not begin to run until he fully exhausted his administrative remedies. He further asserts that his administrative remedies were not exhausted until December 21, 2010. He also asserts, presumably in support of an alternative argument for tolling the statute of limitations, that he did not have access to legal materials for the sixth months after the November 2010 incident during which he was held at the Davidson County Criminal Justice Center and was denied access to the courts during that time period. He also asserts, by way of explanation for his failure to respond to CCS's motion to dismiss, that the prison where he is currently incarcerated, NWCX, "is on institutional lockdown . . . and has repeatedly been on lockdown for the past month. The prison is not expected to be out of lockdown for the next three months. All of which has hindered my access to the law library and the completeing [sic] and filing of my Discovery and Interrogatories." (ECF No. 20, at 2–3.)

In response, CCA argues that the plaintiff does not cite to any case law in support of his assertion that the statute of limitations is tolled while a prisoner attempts to exhaust administrative remedies and further, that plaintiff did not indicate in his complaint that he had attempted to exhaust such remedies or provided copies of grievances. CCA nonetheless reviewed prison records for grievances and determined that the plaintiff had filed a prison grievance on November 13, 2010, which was denied on December 2, 2010. The plaintiff appealed that decision on December 10, 2010, and received a response, sustaining the denial, on December 21, 2010. (*See* ECF No. 21-1, 21-2 (Inmate Grievance Reports, attached to CCA's Resp. to Pl.'s Objs.).) CCA states that "even if the statute of limitations would be tolled while Plaintiff was allegedly attempting to exhaust his administrative remedies, it was only tolled up to December 21, 2010." (ECF No. 21, at 3.) CCA also asserts that the complaint was not filed until December 27, 2011, more than one year after December 21, 2010, and that the complaint should therefore be dismissed as a matter of law as time-barred.

### B. Tolling of the Statute of Limitations under the PLRA

Because the statute of limitations is an affirmative defense, Fed. R. Civ. P. 8(c), the defendant bears the ultimate burden of proving it. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012); *Fonseca v. Consolidated Rail Corp.*, 246 F.3d 585, 590 (6th Cir. 2001).

For all § 1983 actions, federal courts apply the relevant state's personal-injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). The statute of limitations for personal injury actions arising in Tennessee is one year from the date the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(3). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). Based on this principle, the statute of limitations in this case began to run on November 6, 2010, the day of the assault (and alleged failure to provide medical care) that gave rise to the plaintiff's claims.

However, the Prison Litigation Reform Act amended 42 U.S.C. § 1997e to provide: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1999). As the Sixth Circuit has recognized: "This language unambiguously requires exhaustion as a mandatory threshold requirement in prison litigation. Prisoners are therefore prevented from bringing suit in federal court for the period of time required to exhaust 'such administrative remedies as are available.'" *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). As a result, the applicable statute of limitations is tolled "for the period during which [a prisoner plaintiff's] available state remedies were being exhausted." *Id.* (citing *Harris v. Hegmann*, 198 F.3d 153, 157--59 (5th Cir. 1999)).

Here, the plaintiff promptly filed an administrative grievance after the incident at issue, and the grievance period was concluded on December 21, 2010, the day the plaintiff received notice that the denial of his grievance had been upheld on appeal. CCS recognizes in its response to the plaintiff's objection that, if tolling was appropriate, the statute of limitations was tolled up through December 21, 2010. The defendant argues, however, that the plaintiff's complaint was not "filed" until December 27, 2010 and is therefore time-barred regardless of whether tolling is appropriate. The defendant completely fails to address the possible application of the prison-mailbox rule.

**C.     The Prison-Mailbox Rule**

-4-

The plaintiff signed his complaint under penalty of perjury on December 19, 2011. It was stamped "received" by the Clerk's office on December 27, 2011. The back of the envelope in which the complaint was submitted shows a NWCX stamp-date of December 22, 2011. However, there is no indication in the record as to whether that date represents the date the plaintiff placed the envelope in the prison mail system, or the date on which the prison placed the envelope in the mail. Thus, the date on which the plaintiff actually placed the complaint in the prison mail system remains unclear.

In *Houston v. Lack*, 487 U.S. 266, (1988), the Supreme Court held that a *pro se* prisoner's notice of appeal would be deemed "filed" on date the notice was deposited in the prison mailbox for forwarding to clerk of court. The Sixth Circuit has extended the *Houston v. Lack* mailbox rule to "civil complaints filed by *pro se* petitioners incarcerated at the time of filing." *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002); *see also Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004) (applying prison mailbox rule to a civil complaint in an action filed pursuant to 42 U.S.C. § 1983). Thus, the plaintiff's complaint in this case is considered "filed" for statute-of-limitation purposes on the date he deposited it along with his request to proceed *in forma pauperis* in the prison mail system to be forwarded to the Clerk. *Scott*, 116 F. App'x at 701. Further, since the date on which that occurred in this case is unclear, the Court, drawing all inferences in favor of the plaintiff for purposes of the defendant's motion to dismiss, will presume that it was placed in the prison mailbox the day it was signed. *Cf. Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("The defendants' focus on the court's date stamp overlooks the 'prison mailbox rule.' Under this relaxed filing standard, a *pro se* prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court. . . . Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint."); *Davis v. Straub*, No. 10–14397, 2011 WL 2433398, at *6 (E.D. Mich. May 10, 2011) (construing the complaint as filed the day it was signed, stating: "The Court has no reason to believe that Plaintiff did not file his Complaint and IFP [*in forma pauperis*] application with the prison on that date, and, drawing all reasonable inferences in Plaintiff's favor, finds that Plaintiff filed his Complaint on October 22, 2010.").

Here, based on the plaintiff's signature under penalty of perjury, it appears that the complaint was filed, for purposes of the prison mailbox rule, less than one year after the date the plaintiff's prison grievance

was exhausted. The defendant therefore has not carried its burden of establishing that the plaintiff's claims are barred by the one-year statute of limitations.

## III. CONCLUSION

The defendant essentially concedes that the statute of limitations was tolled until December 21, 2010 but argues that the complaint was nonetheless untimely because it was not technically filed in the district court until December 27, 2010, more than one year after that date. The defendant's argument inexplicably ignores the prison-mailbox rule, on the basis of which it appears that the complaint may have been filed within the limitations period.

The Magistrate Judge's Report & Recommendation must therefore be rejected. The motion to dismiss will be denied without prejudice and this matter remanded back to the magistrate for further proceedings. An appropriate order will enter.

_____
Aleta A. Trauger
United States District Judge