IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RAY N. THOMPSON,            )
                            )
    Plaintiff,              )
                            )
v.                          )    Case No. 3:11-cv-1232
                            )
CORRECT CARE SOLUTIONS and  )    Judge Trauger
JOHN DOE #4,                )    Magistrate Judge Brown
                            )
    Defendants.             )

## MEMORANDUM OPINION

Plaintiff Ray N. Thompson, proceeding *pro se*, filed his complaint in this action under 42 U.S.C. § 1983 against defendants Correct Care Solutions, Inc. ("CCS"), Sheriff Daron Hall, and John Doe Nos. 1, 2, 3, and 4. The court dismissed the claims against all defendants except CCS and John Doe 4 on initial review, and referred the matter to the magistrate judge for decisions on all pretrial non-dispositive motions and to issue a Report and Recommendation on any dispositive motions. (ECF No. 5.)

In accordance with that directive, Magistrate Judge Joe B. Brown filed a Report & Recommendation ("R&R") on January 16, 2013 (ECF No. 63), recommending that (1) CCS's motion for summary judgment (ECF No. 33) be granted; (2) the claims against John Doe 4 be dismissed without prejudice for failure to prosecute and failure to effect service; (3) the plaintiff's pending motion to amend be denied; and (4) the action be dismissed in its entirety. Now before the court are the plaintiff's objections (ECF No. 65) to the R&R. The defendant has filed a response in opposition to the plaintiff's objections. (ECF No. 66.) Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(3) of the Federal Rules of Civil Procedure, this court must consider *de novo* that part of Judge Brown's R&R to which the plaintiff has objected.

More specifically, the applicable rule provides that:

> The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires a review of the evidence before the magistrate judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The court has reviewed *de novo* the claims and evidence presented to the magistrate judge, the R&R itself, and the plaintiff's objections. Based on this review, for the reasons stated herein, the court finds that the plaintiff's objections are without merit.

## I. Factual and Procedural Background

The R&R contains a fairly exhaustive recitation of the facts in the record, which will not be repeated here. In summary, the plaintiff alleges that he was involved in an altercation with another inmate at the Davidson County Criminal Justice Center (CJC) in November 2010, which resulted in his having six teeth knocked out. Thereafter, the plaintiff alleges, the medical professionals employed by defendant CCS to provide medical care for inmates at the CJC, including a nurse known for purposes of this action as John Doe 4,[1] were deliberately indifferent to the plaintiff's serious medical needs. The plaintiff also alleges that CCS itself has a policy or custom of denying necessary medical care by outside professionals if such care is costly.

In the initial order entered on January 17, 2012, the court construed the complaint liberally to find that it stated colorable claims against defendant John Doe 4 based on her alleged deliberate

---

[1] In his complaint, the plaintiff identified the nurse against whom his claims are asserted as John Doe 4, but also made it clear that John Doe 4 is a woman.

-2-

indifference to the plaintiff's serious medical needs, and against CCS based on the alleged existence of a policy or custom of denying prompt emergency care to inmates who needed such care, or of failing to implement a policy for the provision of prompt emergency care to inmates who needed such care, which amounted to deliberate indifference to inmates' serious medical needs. After entry of the initial order, the plaintiff successfully served the complaint on defendant CCS, but to date has not identified or served the complaint upon John Doe 4.

CCS filed its motion for summary judgment on August 21, 2012, well before the expiration of the deadline for completing discovery.[2] In support of its motion for summary judgment, CCS submitted the Affidavit of Jennifer Williams, CCS's Vice President for Litigation & Clinical Focus. In her affidavit, Williams describes the policies adopted and implemented by CCS pertaining to the medical and dental care provided to inmates. In particular, Williams attests that CCS has adopted a policy for access to care which states: "The Health Authority will ensure that inmates have unimpeded access to medical, dental and mental health care." (ECF No. 34-2, at 1.) The policy further states that "[i]nmates will be seen in a timely manner by a health care professional and receive health care services for serious medical, dental and mental health conditions." (Id.) The policy provides for inmates to be given information during intake regarding access to health services.

The plaintiff filed his response in opposition to summary judgment without seeking an extension of time to complete discovery before doing so, and has to date not filed any discovery-related motions.

## II.    Objections to the R&R

---

[2] Magistrate Judge Brown entered a scheduling order on August 9, 2012, establishing February 11, 2013 as the deadline for completing discovery. (ECF No. 25, at 2–3.)

The plaintiff objects to the following findings and conclusions by the magistrate judge:

1. That the plaintiff offers no evidentiary support for his statement that CCS "has a policy of restricting if not outright denying medical treatment by an outside doctor or hospital when such treatment is expensive" (ECF No. 1, at 24);

2. That the plaintiff failed to satisfy his procedural burden pursuant to Local Rule 56.01(c) which requires a specific response to each fact set forth in the defendant's statement of undisputed facts;

3. (a) That the plaintiff's response in opposition to CCS's motion for summary judgment relies on numerous factual allegations that are not supported by the factual record;

   (b) That the plaintiff did not state a failure-to-train claim or present facts in support of a purported failure to train;

4. That the plaintiff failed to present admissible evidence to support his claim that CCS's policies give rise to liability or to refute the existence of CCS's policies regarding the provision of emergency dental care;

5. That the claims against John Doe 4 should be dismissed for failure to prosecute and failure to obtain service of process under Rule 4(m); and

6. That the plaintiff's motion to amend his complaint to add a state-law claim for breach of contract against CCS should be denied as futile.

The court will address each of these objections in turn below.

**III.  Analysis and Discussion**

**1.**

The plaintiff argues that Magistrate Judge Brown was incorrect in concluding that the plaintiff offered no evidentiary support for his statement that CCS "has a policy of restricting if not

outright denying medical treatment by an outside doctor or hospital when such treatment is expensive" (ECF No. 1, at 24), because, the plaintiff insists, he showed in his interrogatory answers that CCS "totally ignored" the emergency-department physician's discharge instructions that the plaintiff should have a follow-up appointment within three to five days of his discharge as well as a follow-up appointment with the oral surgery clinic at Meharry. Instead, the plaintiff never had a follow-up appointment at Meharry and did not see a dentist at the jail at all until two weeks after the incident. The plaintiff insists that these facts constitute evidence that CCS has a policy of restricting or denying medical treatment by an outside physician.

The evidence to which the plaintiff refers, however, does not establish that Magistrate Judge Brown's finding was in error. The evidence offered by the plaintiff pertains only to his own experience. Evidence of this single, isolated incident is not sufficient to establish that CCS has adopted or implemented a policy or custom of refusing outside treatment to inmates when such treatment is expensive. *Cf. Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) (holding that the evidence of "a one-time, isolated event" was not sufficient to establish the existence of a policy or custom for which a municipality could be liable under § 1983).

The plaintiff further insists that in his discovery requests, he specifically asked CCS to produce copies of "all medical records, hospital records, reports, correspondence, employment records, business records which have any relevance to this action," but CCS objected to this request as overly broad. The plaintiff also requested the production of "all bills, receipts and logs for medical, hospital, surgical, nursing, and medications or other expenses relating to the claim in this action," and the production of "all documentation in [CCS's] possession concerning any treatment plaintiff received," but CCS objected to these requests as well. (ECF No. 65, at 2.) The plaintiff corresponded with CCS's attorney, asking her to supplement CCS's evasive and incomplete

discovery responses. CCS denied that its responses were incomplete and refused to supplement them. The plaintiff asserts, in sum, that CCS's failure to comply with discovery rules and to respond completely to the plaintiff's discovery requests have "prevented Plaintiff from being able to offer more evidentiary support" for his claims. (*Id.* at 3.)

Judge Brown entered a scheduling order in this case, providing for discovery to be completed—and all discovery-related motions to be filed—no later than February 11, 2013. At no time prior to submitting his response to the defendant's motion for summary judgment did the plaintiff seek additional time for doing so, nor has he ever filed any motions to compel or otherwise brought his objections to the defendant's discovery answers to the court's attention. It is now too late for him to do so, as the deadline has passed.

The court is aware that the plaintiff proceeds *pro se*, but his unrepresented status does not excuse him from complying with the Local Rules of this court, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. His objection to the magistrate judge's finding essentially amounts to nothing more than an assertion that it is the defendant's fault that he cannot produce evidence, because the defendant was not playing fair. The fact remains that the plaintiff has failed to point to any evidence in the record that might have been overlooked by Judge Brown that supports the plaintiff's claim of a policy or custom on the part of CCS of denying outside medical treatment to inmates.

In responding to a summary judgment motion, the non-moving party such as the plaintiff here "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). The nonmoving party must adduce

more than a "scintilla" of evidence to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Moreover, the district court has no duty to search the entire record to establish that absence of a genuine issue of material fact. *Id.* "That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992).

The plaintiff has failed to come forward, either in responding to the motion for summary judgment or in objecting to the R&R, with actual evidence in the record of a policy or custom (or the failure to adopt an appropriate policy) regarding the emergency treatment of inmates or referrals to outside specialists. The plaintiff's first objection is without merit and will be overruled.

**2.**

The plaintiff's second objection concerns the magistrate judge's observation that the plaintiff failed to satisfy his procedural burden under Local Rule 56.01(c), which requires a specific response to each fact set forth in the defendant's statement of undisputed material facts. Despite making that observation, and citing Local Rule 56.01(g) for the proposition that a failure to respond to a moving party's statement of undisputed facts "shall indicate that the asserted facts are not disputed for purposes of summary judgment" (ECF No. 63, at 3), Judge Brown did not simply presume that the plaintiff's failure to respond to the statement of undisputed facts signaled that he did not dispute them. Judge Brown actually did consider the entire record before concluding that the plaintiff had failed to introduce or point to any facts in the record that created a genuine issue of fact. Despite his contentions to the contrary, the *pro se* plaintiff was given the benefit of the doubt on this point.

This objection is likewise without merit.

**3(a)**

In the first part of his third objection, the plaintiff objects generally to Judge Brown's finding that the plaintiff made numerous factual allegations in his response to the motion for summary judgment that are not supported by the factual record. The plaintiff also points out that he filed a motion to amend his complaint seeking to add some of these allegations to his original sworn complaint.

Having studied the docket sheet, the court notes that the plaintiff filed a motion to amend his complaint on September 10, 2012 (ECF No. 46), to add new factual allegations addressed specifically to John Doe 4 and CCS. This motion, which is completely distinct from the motion to amend filed on September 6, 2012 (ECF No. 41), is for some reason not designated on the docket as a pending motion, but it nonetheless appears that the motion has never been ruled upon.[3]

The motion to amend the complaint, ECF No. 46, is itself not accompanied by a proposed amended complaint, sworn or otherwise. Rather, the facts the plaintiff seeks to add are contained in the motion itself. The motion is not sworn under penalty of perjury. In the motion, the plaintiff states that he seeks to add additional facts that occurred at the time of the incident that is the subject of his complaint. Specifically, the plaintiff claims that, after he was escorted to the infirmary and was told by John Doe 4 that he could not be treated at the CJC, and while he was sitting in the infirmary bleeding and holding his teeth in his hand, another inmate was brought to the infirmary.

---

[3] On September 24, 2012 Judge Brown entered an order (ECF No. 50) denying the plaintiff's motion to amend filed September 6 (ECF No. 41), in which the plaintiff sought to add as defendants the Metropolitan Government of Nashville and Davidson County, the Davidson County Sheriff's Department, and the Criminal Justice Center. This order did not address the motion to amend at Docket Entry No. 46.

The plaintiff does not know what this inmate's medical condition was, but "within minutes" the paramedics had arrived to treat him and transport him to the hospital. The plaintiff's condition, meanwhile, had already been determined by John Doe 4 as needing treatment outside the CJC, but not serious enough to warrant his immediate transport to the hospital. The plaintiff asserts that if his condition had been treated like the emergency situation it was, he should and would have been transported immediately to the hospital.

The plaintiff's motion also alleges new facts concerning his follow-up treatment by CCS after the event (or rather, the lack of follow-up treatment), the CCS nurses' denial of a special diet for him during the three weeks following his emergency room visit during which he was unable to eat regular meals, and the fact that the only time he was examined by a CCS dentist was several weeks after the accident occurred. The plaintiff does not allege, either in his motion or his original complaint, that the failure to provide follow-up care exacerbated his condition or outcome.

Even if the court generously presumes that the "facts" asserted in this motion to amend (ECF No. 46) are sworn and therefore admissible as evidence for purposes of ruling on the motion for summary judgment, they do not help the plaintiff avoid summary judgment. The new allegations certainly bolster the conclusion that Nurse John Doe 4 exercised poor judgment in assessing the plaintiff's condition and obtaining prompt care for him, and she might have acted negligently and with deliberate indifference to the plaintiff's serious medical needs. The evidence suggests that she and other CCS employees may not have complied with CCS's policy for the provision of emergency care and medical care generally. However, the allegations do not bolster the plaintiff's claim that *CCS* did not have appropriate policies in place. Rather, the plaintiff's allegations that another inmate brought to the infirmary while he was there was immediately transported by ambulance to the hospital suggests that CCS had a policy for providing emergency care, but that the plaintiff's

condition was not deemed by the nurse who examined him to be sufficiently emergent to warrant his immediate transport to the emergency room. Her poor judgment cannot be attributed to CCS for purposes of a claim under § 1983.

The plaintiff also claims that other "facts" supporting his position are in his interrogatory answers. The interrogatory answers, however, are not in the court's record, and the plaintiff did not include them with his response to the motion for summary judgment. Even if he had, and even if the court accepts as true the plaintiff's unsworn statements in his objections, the plaintiff's allegations again pertain to the actions of individual employees and their alleged failure to respond appropriately to the plaintiff's condition, rather than to the existence or non-existence of a CCS policy. The fact that other nurses in the infirmary also failed to comply with their duty to treat the plaintiff does refute CCS's evidence regarding its policies.

The plaintiff does not point to any other evidence in the record to support his allegations against CCS. This objection too is without merit and will be overruled.

### 3(b)

The plaintiff objects to Judge Brown's finding that he did not state a failure-to-train claim by pointing out that he is not an attorney and consequently did not know that he could assert such a claim. He claims that, instead, he presented evidence of a "failure to manage" claim. (ECF No. 65, at 5.) The plaintiff also contends that the reason he was unable to present evidence of other lawsuits that should have put CCS on notice of a pattern or practice by its employees of denying necessary care was because CCS refused to respond to his interrogatories and requests for production of documents relating to other lawsuits against CCS by prisoners alleging inadequate treatment.

With respect to these arguments, the court finds, first, that the plaintiff's status as a layperson

proceeding without the aid of an attorney entitles him to some indulgence in the construction of his pleadings and other court filings, but does not excuse the plaintiff from identifying the claims he intends to assert and from presenting actual evidence in support of those claims. As for his claim regarding CCS's "failure to manage," such a claim, by definition, would seek to hold CCS liable for the purported mistakes of its employees. As previously stated, CCS cannot be held vicariously liable under § 1983 for its employees' unconstitutional behavior.

Regarding the plaintiff's arguments based on CCS's allegedly evasive and incomplete discovery answers, the discovery to which the plaintiff refers is not in the court's record. Moreover, once again, the plaintiff did not file any discovery-related motions objecting to the defendant's discovery responses. This objection too is without merit.

**4.**

The plaintiff's fourth objection is to the magistrate judge's finding that the plaintiff "simply failed to present any admissible evidence to . . . refute the existence of CCS's polices regarding the provision of emergency dental care." (ECF No. 65, at 7.) The plaintiff argues that CCS's established policy of inadequate treatment is established by the fact that the plaintiff did not receive emergency dental care. The plaintiff also asserts that CCS's disclosure to him of the names of eighteen CCS employees who were present at the Criminal Justice Center on the date the plaintiff's teeth were knocked out establishes that "more employees than John Doe #4 . . . failed to follow policies . . . which most certainly gives rise to liability on the part of CCS." (ECF No. 65, at 8.)

As previously stated, evidence of one isolated incident of negligence or poor judgment on the part of one or more CCS employees, standing alone, is not sufficient to establish the existence of a CCS policy. Likewise, the fact that a dentist was not on staff when the plaintiff presented at the infirmary does not establish that CCS has a global policy of failing to provide emergency dental

care. As discussed above in connection with the plaintiff's first objection, CCS presented evidence of its actual written policies, and this court, having reviewed the record as a whole, agrees with the magistrate judge's conclusion that the plaintiff has not pointed to any evidence in the record to refute that evidence. This objection will be overruled.

5.

The plaintiff's objection to the magistrate judge's recommendation that the claims against John Doe 4 be dismissed for failure to prosecute and failure to obtain service of process is, again, based on the defendant's refusal to provide complete responses to the plaintiff's discovery requests that were directed toward discovering the identity of John Doe 4. The plaintiff did not submit copies of the defendant's discovery responses with his objections, so these documents are not in the court's record. Even if he had, the fact remains that the plaintiff never filed any discovery motions or otherwise sought to compel complete answers to his discovery questions, and the deadline for doing so has now passed.

The event giving rise to the plaintiff's claims occurred in November 2010, more than two years ago. The complaint in this action was filed over a year ago, and the plaintiff has known since shortly after that date that it was his responsibility to identify and obtain service of process on John Doe 4. The plaintiff received notice no later than August 21, 2012 that he had until the end of September 2012 to identify and serve John Doe 4. (*See* ECF No. 39 (8/21/12 Letter to Court from Plaintiff giving notice of receipt of scheduling order).) To date, he still has not done so. The plaintiff's objection to this portion of the R&R will be overruled.

6.

The plaintiff objects to the magistrate judge's recommendation that the plaintiff's motion to amend his complaint to add a breach of contract claim against CCS as futile, but he does not state

any basis for his objection. The undersigned agrees with the magistrate judge's recommendation and would decline to exercise jurisdiction of a state-law claim after dismissal of any federal claims over which the court has original jurisdiction. This objection is will be overruled.

## IV. Conclusion

The magistrate judge correctly concluded that defendant CCS's motion for summary judgment should be granted and the claims against it dismissed, and that the complaint should be dismissed as to John Doe 4 for failure to obtain service of process and failure to prosecute. The R&R will be adopted and approved in all respects.

In addition, the court will deny any outstanding motions, including the motion to amend filed September 10, 2012 (ECF No. 46), as moot.

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge